# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**THE OHIO VALLEY BANK COMPANY,**

       **Plaintiff,**                          **Civil Action 2:19-cv-191**
                                               **Judge Algenon L. Marbley**
                                               **Magistrate Judge Chelsey M. Vascura**

       **v.**

**METABANK, dba REFUND ADVANTAGE,**

       **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of Defendant's Motion to Stay Pending Resolution of its Motion to Dismiss for Lack of Personal Jurisdiction ("Motion to Stay," ECF No. 20), Plaintiff's Memorandum in Opposition (ECF No. 21), and Defendant's Reply (ECF No. 22). For the reasons that follow, the Court **DENIES** Defendant's Motion to Stay (ECF No. 20).

## I.

On December 20, 2018, Plaintiff filed this breach of contract action against Defendant in the Court of Common Pleas for Gallia County, Ohio. (ECF No. 4.) Defendant removed the action to this Court on January 18, 2019. (ECF No. 1.) On February 8, 2019, Defendant filed a Motion to Dismiss for Lack of Personal Jurisdiction. ("Motion to Dismiss," ECF No. 8.) Defendant's Motion to Dismiss is fully briefed, with both Defendant and Plaintiff setting forth substantial arguments regarding whether the Court has personal jurisdiction over Defendant. (ECF Nos. 8, 12, 19.)

In the parties' Rule 26(f) Report and at the April 1, 2019 Preliminary Pretrial Conference, Defendant indicated that it intended to file a motion seeking a stay of discovery pending resolution of its Motion to Dismiss. (ECF Nos. 16, 18.) Plaintiff served Defendant with its first set of written discovery on April 4, 2019. (Pl.'s Mem. in Opp. at 2 and Exh. A, ECF No. 21.) On April 5, 2019, Defendant filed the instant Motion to Stay. (ECF No. 20.)

In support of its Motion to Stay, Defendant relies heavily on *Victoria's Secret Stores Brand Management, Inc. v. Bob's Stores, LLC*, 2014 WL 1045994, at *2 (S.D. Ohio Mar. 17, 2014) ("*Victoria's Secret*"). It argues that a stay of discovery is appropriate because it is not needed to resolve the pending Motion to Dismiss and "would be wasteful, burdensome, and potentially unnecessary in the event that the Court grants the motion to dismiss." (Mot. to Stay at 4, ECF No. 20-1.) Defendant further contends that a stay of discovery is appropriate for the following reasons: the case is in the very early stages of litigation; the personal jurisdiction issue is a threshold issue that determines whether the Court can bind Defendant and the Court should not adjudicate discovery disputes until the personal jurisdiction issue is resolved; the burden on Plaintiff will be slight; and "Plaintiff chose to file this case in its home district against an out-of-state defendant, which has raised a personal jurisdiction defense." (Mot. to Stay at 6-7, ECF No. 20-1) (citing *Victoria Secret*, 2014 WL 1045994, at *2). Defendant also contends that a delay in this case would not prejudice Plaintiff because Plaintiff waited approximately two years to bring this lawsuit. (Def.'s Reply at 2-3, ECF No. 22.) Finally, according to Defendant, Plaintiff's discovery requests are broad and overly burdensome and Defendant will be unduly burdened if it is required to litigate the appropriateness of those requests in this Court before jurisdiction has been established. (*Id.* at 4-5.)

Plaintiff opposes Defendant's Motion to Stay, asserting that "regardless of the outcome of [Defendant's] motion to dismiss for lack of personal jurisdiction, *this case will proceed somewhere*." (Pl.'s Mem. in Opp. at 1, 4, ECF No. 21 (emphasis in original).) Plaintiff further contends that Defendant failed to demonstrate any extraordinary circumstances or specific burdens warranting a stay of discovery. *Id.* Plaintiff posits that it will be prejudiced by a stay because it needs discovery to calculate its damages and to prosecute its claims, and a stay of discovery would further delay resolution of this case.

## II.

A district court has "the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ferrell v. Wyeth–Ayerst Labs., Inc.,* No. 1:01-cv-447, 2005 WL 2709623, *1 (S.D. Ohio Oct. 21, 2005) (citing *In re Airline Pilots Ass'n. v. Miller*, 523 U.S. 866, 880 (1998)); *see also Landis v. N. Am. Co.,* 299 U.S. 248, 254–55 (1936). The Court, however, "'must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay.'" *Id.* (quoting *Ohio Envtl. Council v. U.S. Dist. Ct.,* 565 F.2d 393, 396 (6th Cir. 1977)).

"A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court." *Peters v. Credit Prot. Ass'n LP*, No. 2:13-CV-767, 2014 WL 6687146, at *3 (S.D. Ohio Nov. 26, 2014). The Federal Rules of Civil Procedure "permit[] a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown.'" *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (quoting Fed. R. Civ. P. 26(c)). As the United States Court of Appeals for the Sixth Circuit has often recognized, "[d]istrict courts have broad discretion

and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005) (citing *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)). In addition, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

In assessing whether a stay is appropriate, "a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens*, 2010 WL 3719245, at *1. "When a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citing *Marrese v. Am. Acad. of Orthopedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)).

In exercising its discretion on this issue, the Court has frequently found that "the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery." *Bowens*, 2010 WL 3719245, at *2 (internal citation omitted) (denying the defendants' motion to stay discovery despite their pending summary judgment motion); *see also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *1–2 (S.D Ohio Sept. 7, 2010) (denying motion to stay discovery pending a ruling on a potentially dispositive motion).

**III.**

Applying the above principles to this case, the Court concludes that Defendant has failed to show good cause for a stay of discovery. "[I]t is not enough that a case-dispositive motion is pending." *Oxford Lending Grp., LLC v. Underwriters At Lloyd's London*, No. 2:10-CV-00094, 2010 WL 4026145, at *2 (S.D. Ohio Oct. 12, 2010) (citing *Bowens*, 2010 WL 3719245, at *2); *see also DSM Desotech, Inc. v. Momentive Specialty Chemicals, Inc.*, No. 2:15-CV-70, 2015 WL 7450893, at *11 (S.D. Ohio Nov. 24, 2015). As Plaintiff points out, "regardless of the outcome of [Defendant's] motion to dismiss for lack of personal jurisdiction, ***this case will proceed somewhere***." (Pl.'s Mem. in Opp. at 1, 4, ECF No. 21 (emphasis in original).) "Thus, the merits-based discovery at issue will be available for use in any subsequent action, and granting a stay will only delay the resolution" of Plaintiff's claims against Defendant. *DSM Desotech, Inc.*, 2015 WL 7450893, at *11. Indeed, this Court has explained that a request for a stay of discovery pending resolution of a motion to dismiss that does not go to the merits of the case is less compelling:

> [R]equests for a stay of discovery pending the resolution of an initial Rule 12 motion are not limited to motions brought under Rule 12(b)(6). Parties commonly move for stays of discovery pending a variety of Rule 12 motions, including motions to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, or improper venue. However, the impact of these types of motions on the issue of whether discovery should proceed is not substantially different. In fact, it could be argued that because these types of motions do not go to the merits of the case, but only to the forum in which it proceeds, there is even less reason to stay discovery pending their outcome. Any discovery taken while such a motion is pending would, of course, be available for the parties to use if the case is dismissed other than on the merits and then refiled in a Court where subject matter or personal jurisdiction is proper.

*   *   *

> There is little doubt that if this Court finds that it lacks subject matter jurisdiction, [the plaintiff] will simply file his case in the Common Pleas Court, which clearly has jurisdiction. . . . The discovery he proposes to conduct, or has already served,

> while the motion to dismiss is under advisement will be fully available for use in any subsequent state court action. Thus, granting the defendants' motion would not really save them any resources in the long run, but would delay the ultimate resolution of the case in this Court, should it remain here, and might have a similar effect on any state court case filed. Under these circumstances, the defendants have simply not met their burden of demonstrating that a stay of discovery is appropriate, and their motion will be denied.

*Charvat v. NMP, LLC*, 2:09-cv-209, 2009 WL 3210379, at *2–3 (S.D. Ohio Sept. 30, 2009); *see also Oxford Lending Grp., LLC*, 2010 WL 4026145, at *2 (denying motion to stay discovery pending resolution of motion to dismiss for personal jurisdiction because even if the court dismissed the case, it would be without prejudice to refiling in the appropriate jurisdiction); *DSM Desotech, Inc.*, 2015 WL 7450893, at *11 (S.D. Ohio Nov. 24, 2015) (finding defendant had not met burden of demonstrating a stay is appropriate pending resolution of motion to dismiss for lack of personal jurisdiction); *Slate Rock Const. Co., Ltd., v. Admiral Ins. Co.*, No. 2:10-cv-1031, 2011 WL 1641470, at *3–4 (S.D. Ohio May 2, 2011) (allowing merits-based discovery to proceed despite pending jurisdictional motions and finding there is "little reason to delay [the] discovery" because discovery would ultimately proceed in an alternative forum even if the pending motions were successful). Accordingly, even if Defendant's Motion to Dismiss is successful, this case will proceed somewhere, and a stay of discovery would "not really save . . . any resources in the long run, but would delay the ultimate resolution of the case in this Court, should it remain here, and might have a similar effect on any [other court where the] case filed." *Charvat,* 2009 WL 3210379, at *2. Under these circumstances, Defendant has not shown that a stay of discovery is appropriate in this case.

The *Victoria Secret* case does not alter the Court's analysis. "*Victoria's Secret* simply illustrates that a trial court has broad discretion in deciding whether to stay discovery in a

6

particular case." *DSM Desotech,* 2015 WL 7450893, at *12. Here, Plaintiff initiated this action in December 2018. The Court held a preliminary pretrial conference on April 1, 2019, and Plaintiff served discovery on April 4, 2019, one day before Defendant filed its Motion to Stay. Defendant has not articulated any substantial hardship in proceeding with discovery, and a stay at this juncture would only delay resolution of Plaintiff's claims. In addition, the Court notes that Defendant's conclusory contentions regarding the expense and burden of discovery are insufficient to outweigh the potential prejudice to Plaintiff from delay of this case. *See*, *e.g.*, *City of Lancaster v. Flagstar Bank, FSB*, No. 2:10-cv-1041, 2011 WL 1326280, at *5 (S.D. Ohio Apr. 5, 2011) (denying a motion to stay discovery where the "the City ma[de] no effort to detail the specific burdens it will face from discovery . . . nor d[id] it explain how the prejudice it would face is different from any other party that files a potentially case-dispositive motion before the Court"). For these additional reasons, the Court finds that Defendant has not satisfied its burden of demonstrating that a stay of merits-based discovery is warranted.

**IV.**

For the reasons set forth above, Defendant's Motion to Stay is **DENIED**. (ECF No. 20.)

**IT IS SO ORDERED**.

    /s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE